IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UTHAIWAN WONG-OPASI, Ph.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 3:05-0493 |
| ) | JUDGE ECHOLS/KNOWLES |
| ) | |
| NATIONAL BANK OF COMMERCE, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court following Defendant's filing of a "Motion to Compel Plaintiff to Appear at Deposition, and for Sanctions" (Docket No. 9) and a "Motion for Summary Judgment" (Docket No. 13). Plaintiff, who is proceeding pro se, has not filed a Response to either Motion.

Plaintiff filed this action pursuant to Title VII of the Civil Rights Act for "unlawful employment discrimination." Plaintiff avers that she is a Buddhist, Asian, lawful permanent resident of the United States. She avers that she applied for a job advertised at one of Defendant's branches in a local Kroger grocery store. Although her factual statement is somewhat difficult to follow, she essentially alleges that she was not hired by Defendant, and that Defendant's failure to hire her constituted unlawful employment discrimination.

With regard to its Motion to Compel and for Sanctions, Defendant has filed a supporting Affidavit of counsel. Docket No. 10. The Motion and the Affidavit essentially establish that, on October 18, 2005, Defendant's counsel sent a letter to Plaintiff enclosing a Deposition Notice

that scheduled Plaintiff's deposition for November 10, 2005. Plaintiff did not respond to the Deposition Notice, and she failed to appear for her deposition on November 10, 2005. When she did not appear, counsel for Defendant called Plaintiff at the home telephone number that is listed with the Court and at a mobile telephone number she had given the EEOC. In both cases, however, the parties answering the phone reported that Ms. Wong-Opasi was not at that number and that it was a wrong number.

On November 10, 2005, Defendant's counsel sent Plaintiff a second notice of deposition, scheduling Plaintiff's deposition for November 29, 2005. Plaintiff again did not respond to that letter, and she again failed to appear for her deposition on November 29, 2005. Defendant's counsel again attempted to contact Plaintiff at the home telephone number, but the person answering the phone stated that that was the phone number of a "Mother's Day Out Program," and that Plaintiff could not be reached there. Additionally, the mobile telephone number appeared to be out of service.

Eleven days after Defendant filed the Motion to Compel and for Sanctions, Plaintiff filed a "Notice of Temporary Absence." The body of that "Notice" states as follows:

> Notice is hereby respectfully given by the Plaintiff that she will be out of jurisdiction from today (December 13, 2005) onwards, and therefore will be unable to take any action in these legal proceedings until further notice. Said absence is temporary due to rehabilitation which may take up to one and a half month [*sic*].

Docket No. 11 (underlining in original).

The undersigned notes that within the past 8 years, Plaintiff has filed 15 pro se lawsuits against various Defendants in this Court. Three of those lawsuits, including the instant case, are still pending. Virtually all the cases filed by Plaintiff have the same case history: (1) Plaintiff

2

files a pro se Complaint, usually against numerous Defendants; (2) if one of Defendants does not respond in a timely fashion, Plaintiff files a Motion for Default; (3) when Defendants begin actively participating in the case, Plaintiff begins filing Motions for Extensions of Time; and (4) Plaintiff's case is subsequently dismissed on the merits.

Plaintiff has clearly failed to prosecute this action. There is absolutely no authority for Plaintiff's filing of a "Notice of Temporary Absence," which essentially announces to the Court and to Defendant that she will simply be "unavailable" for a period of time. Moreover, the Notice of Absence states that her absence because of rehabilitation "may take up to one and a half month [*sic*]." It has now been more than four months since Plaintiff filed the Notice, and she has not resurfaced to respond to either of the pending Motions.

Moreover, even if the "Notice of Temporary Absence" had some effect, the Court notes that both the noticed depositions that Plaintiff failed to attend were scheduled to occur before Plaintiff filed the Notice of Temporary Absence.

The undersigned recently submitted a Report and Recommendation in *Wong-Opasi v. Holland Employment*, No. 3:05-0482, United States District Court for the Middle District of Tennessee. The factual circumstances there were similar to those of the case at bar. Plaintiff had failed to respond to Defendant's written discovery. Defendant attempted to contact Plaintiff by telephone, but the telephone number Plaintiff had provided to the Court was apparently the number of a "Mother's Day Out Program," and was not Plaintiff's number. Thus, the undersigned recommended that Plaintiff's claim in that case be dismissed for the failure of Plaintiff to prosecute, and Judge Trauger subsequently adopted the undersigned's Report and Recommendation.

3

For the foregoing reasons, the undersigned recommends that this action be DISMISSED, pursuant to Fed. R. Civ. P. 41(b), for the failure of Plaintiff to prosecute this action.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

    _____
    E. Clifton Knowles
    United States Magistrate Judge